UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                                                    Chapter 7
                                                          Case Number 25-10943-JAD
Barry J. Schiff                                           Honorable John A. Dorsey Jr.

          Debtor

_____/

## MOTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

JPMorgan Chase Bank, National Association, a secured lien holder in the above captioned Chapter 7 proceeding, moves this court for an order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy Procedure for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a mortgage which it holds on real property known and numbered as 68 Mauran St, Cranston, RI 02910 and commence a summary process action against occupants of the Property. In support of its motion, JPMorgan Chase Bank, National Association states the following:

1.      On February 22, 2007, non-filing Co-Debtor Pamela T Schiff executed a note to Chase Bank USA, N.A. in the original principal amount of $100,001.00 (the "Note"). The Note was subsequently endorsed to JPMorgan Chase Bank NA and then further into blank.

2.      The Note is secured by a mortgage from Debtor Barry J. Schiff and non-filing Co-Debtor Pamela T Schiff to Chase Bank USA, N.A., dated February 22, 2007 and recorded with the Cranston Records of Land Evidence at Book 3606, Page 328, subsequently assigned to JPMorgan Chase Bank, National Association by assignment dated November 15, 2011 and recorded in said Cranston Records of Land Evidence at Book 4457, Page 345. The Mortgage is a first mortgage on real property owned by the Debtor and non-filing Co-Debtor known and numbered as 68 Mauran St, Cranston, RI 02910 (the "Property").

3.      JPMorgan Chase Bank, National Association is the current holder of the Mortgage.

4.      JPMorgan Chase Bank, National Association is the current holder of the Note.

5.      JPMorgan Chase Bank, National Association directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note-holder or has been duly endorsed.

6.      JPMorgan Chase Bank, National Association services the loan on the property referenced in this Motion for Relief.  In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of JPMorgan Chase Bank, National Association.  Said entity, directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to said entity or has been duly endorsed.

7.      On November 26, 2025, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

8.      As of December 9, 2025, the Note and the Mortgage are in contractual default for the March 1, 2024 payment and all subsequent payments in the net total amount of $28,798.80, plus reasonable attorney's fees and costs and other charges incurred.

9.      There is no other collateral securing the obligation.

10.     According to Debtor's Schedule A/B, the fair market value of the Property is $445,000.00. JPMorgan Chase Bank, National Association estimates that the liquidation value of the Property is no greater than $418,300.00, which is the market value minus 6% for the cost of sale.

11.     According to Schedule C, the Debtor is claiming an exemption in the Property in the amount of $356,633.00 pursuant to Rhode Island General Laws § 9-26-4.1.

12.     To the knowledge and belief of JPMorgan Chase Bank, National Association, there is no declaration of homestead recorded against the Property.

13.     As of December 9, 2025, the total outstanding balance owed on the Note was $95,154.84.

14.     As of December 9, 2025, the estimated amount of encumbrances on the Property is $95,154.84.

15.     JPMorgan Chase Bank, National Association is not aware of any other liens on the Property.

16.     JPMorgan Chase Bank, National Association is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtor has not made payments pursuant to the Note and Mortgage.

WHEREFORE, JPMorgan Chase Bank, National Association moves that the court enter an order granting JPMorgan Chase Bank, National Association relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may exercise its rights pursuant to the Note and Mortgage in accordance with applicable state and federal law, and may commence a summary process action against occupants of the Property. JPMorgan Chase Bank, National Association moves that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4).

JPMorgan Chase Bank, National
Association
By its attorneys,

Date:   January 9, 2026

Respectfully Submitted,

 _/s/ Rebecca Washington____
Rebecca Washington, Esq. 7928
Orlans Law Group PLLC
Attorneys for JPMorgan Chase Bank, National
Association

PO Box 540540
Waltham, MA 02454
(781) 790-7800
Email: bankruptcyNE@orlans.com
File Number: 25-015991

**Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**